## THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT, v. JACOB SANDMAN, APPELLANT.

*Highway commissioners — change in the number of, how made — Amendment of answer — refusal to allow, not appealable.*

Prior to the annual town meeting in 1873, the electors of the town of Alden had adopted a resolution providing that there should be three commissioners of highways, and at such meeting the defendant Sandman was elected for three years, one Ruhling for two years, and one Patterson for one year. In 1874 Patterson was duly re-elected for the term of three years. At the meeting in 1875, it was resolved, in pursuance of chapter 455 of 1847, to return to one commissioner. At the opening of the polls, and before noon, at the meeting in 1876, and before any votes were cast, a resolution was adopted rescinding the resolu

tion of 1875, and the defendant was subsequently, at such meeting, elected a commissioner of highways.

In an action to evict him from that office, *held*:

That under chapter 455 of 1847 the resolution of 1875, providing for a return to one commissioner, could not be rescinded until the expiration of the terms of the commissioners then in office; and that as one had been elected in 1874 for the term of three years, there was no vacancy in 1876.

That the resolution of 1876 was void, for the reason that it was adopted before the time fixed by the statute (chap. 173 of 1874) for the transaction of business of that character, viz., noon.

A refusal at the Circuit to allow an amendment setting up an entirely new defence, is not a subject for exception available on appeal from the judgment.

APPEAL by defendant from a judgment, entered upon the decision of the court at Special Term, adjudging that defendant be ousted from the office of commissioner of highways, of the town of Alden, in the county of Erie.

The complaint alleged that, prior to the annual town meeting in March, 1873, said town, by resolution duly adopted, resolved to thereafter elect three commissioners of highways instead of one as theretofore; that pursuant to such resolution, three commissioners were duly elected, Sandman, the defendant, for the term of three years, Ruhling for the term of two years, and Patterson for one year, all of whom duly qualified and entered upon the discharge of their duties; that at the annual town meeting in March, 1874, Patterson was re-elected for the full term of three years, qualified and entered upon his duties, and is still such commissioner; that at the town meeting in March, 1875, Frederick Zoller was duly elected a commissioner for the full term of three years, duly qualified and entered on his duties and still is such commissioner.

These allegations are specifically admitted by the answer. It was further alleged in the complaint that at the meeting in March, 1875, it was duly resolved to return to one commissioner, and that after that meeting no other commissioner be elected except as by statute provided; that in March, 1876, defendant's time expired, but he still continued to act and has usurped the office. The answer, among other things, alleged, that at the meeting in 1876, the town resolved to return to three commissioners and rescinded the resolution of 1875, and that thereupon defendant was duly elected and qualified.

Upon the trial it appeared that at the meeting in 1875, in the afternoon, while voting was going on for town officers, the electors voted to return to the plan of having but one commissioner.

It does not appear whether this resolution was, as alleged in the complaint, not to affect that town meeting. It appears, however, that Zoller was voted for, and declared elected commissioner and has entered upon his duties. The defendant showed the adoption of a resolution at the meeting in March, 1876, at the opening of the polls and before any votes were cast, rescinding the resolution of 1875 and resolving to have three commissioners, and that after that, at the same meeting, defendant was elected commissioner. The defendant offered to show that the resolution of the town meeting of 1873, admitted by the pleadings, was in the afternoon of that meeting rescinded. This was objected to, on the ground that the adoption of the three-year system in 1873 was admitted by the answer. This objection was sustained and defendant excepted. Defendant asked to amend by putting in issue such adoption. This application was denied and defendant excepted.

The court held that, under the act of 1847, chapter 455, section 1, the town having resolved in 1875 to change from three to one, it could not go back to the old board of three until the change was actually accomplished, and that as in 1876, Patterson elected in 1874, was still in office having one year to serve, the town had no power to elect defendant.

*Thomas Corbett*, for the appellant.

*George W. Cothran*, for the respondent.

MERWIN, J.:

The evidence offered by defendant of rescission in 1873 of the resolution then adopted, was immaterial if within the issue. For if that resolution had not been adopted, only one could have been legally elected in each of the following years, and the term of office would have been only one year, of course then creating a vacancy in the spring of 1876, which could have been legally filled by the election of defendant.

But the issue of such rescission was not in the case; the fact was

otherwise admitted by the answer, so that the court ruled correctly in sustaining the objection. The reasons for refusing the application to amend do not appear. It is said in such a case we are bound to presume that the application was properly refused. (*Burnet* v. *Bookstaver*, 10 Hun, 485.) It was matter for special motion, and its refusal at Circuit, an entirely new defense being involved, is not a subject for exception available on appeal from the judgment.

It is claimed by defendant that there is no proper allegation of classification of these commissioners elected in 1873. Be that as it may, it is certainly admitted that in 1874 Patterson was elected for the full term of three years and is still such commissioner. That fully raises the point claimed by plaintiff to be fatal to defendant's claim

The resolution of 1875, as alleged in the complaint, was not to affect the then present town meeting. All this allegation was denied by the answer, and the evidence showed the resolution to be unlimited and is so found. Whether under such a resolution the election in 1875 was valid is of no importance here, nor is it of any importance whether the legal conclusion in plaintiff's complaint based upon the limited resolution is right or not. Neither reaches the question of defendant's rights.

Had the resolution been limited, it may be that the town could have rescinded it before any election was had under it. That point, however, is not here.

The defendant's rights depend upon (1) whether the resolution of 1876 was properly passed, and (2) if so, whether the town had the power to so act. Upon this last proposition the court held against the defendant. But defendant's counsel claims the Revised Statutes were amended in 1865 and 1866, so as to materially change the effect of the act of 1849, and that these amendments were not considered by the court below. The Revised Statutes (part. 1, chap. 11, title 2, § 3) simply provided for the choosing at the annual town meeting in each town "three commissioners of highways;" chapter 180, of 1845, section 2, gave the electors power to determine by resolution whether there should be chosen one or three, and if three were determined upon, their terms of office were to be one, two and three years, to be classified by lot, and

thereafter one to be elected each year for the term of three years, and provision was also made for filling vacancies. In 1847, by chapter 455, the act of 1845 was amended by adding, in substance, that towns, by resolution, might return to one, and that, "when such resolution shall have been adopted no other commissioner shall be elected or appointed, until the term or terms of those in office at the time of adopting such resolution shall expire or become vacant; and they shall have power to act until their terms shall severally become vacant or expire, as fully as if the three continued in office." In 1865, by chapter 522, section 6, the section of the Revised Statutes above referred to was amended by making it read "one or three commissioners of highways," and in 1866, by chapter 30, section 1, by making it read "one, two or three commissioners of highways." These in no way refer to the act of 1847, and are not inconsistent with it, so far as one or three is concerned, and there is no claim here that the town ever resolved to have two. The Revised Statutes, as amended, left the manner of fixing one or three to be determined by the law then in force. Such law was, in fact, necessary to their proper operation. I cannot see how the acts of 1865, 1866 affect the present question. I do not understand that the construction of the act of 1847 is otherwise questioned. There is certainly much reason in the position that that law after the benefit of its provisions were invoked and entered upon, prevented further action on the part of the town until the terms of those then in office should expire. Were this not the construction various complications might arise, annoying as well as detrimental to public interests.

However, on looking at the provisions of chapter 173, Laws of 1874, section 1, I am of the opinion, that the resolution of 1876, under which defendant claims, was not properly passed. By that statute, the time for transacting such business as requires the vote of the people is fixed at noon, and then to continue without adjournment till finished, excepting the balloting for town officers and the duties connected therewith, that is with the balloting.

This resolution had nothing to do with the balloting, but was clearly business requiring the vote of the people. The exception only referred to the casting and taking of ballots and canvassing. Nor is the statute directory simply. It establishes a rule, valuable,

impórtant and to be relied upon, and for the essential benefit of the electors.

To call it directory would substantially repeal it. Its plain object would certainly be frustrated. The resolution in question was passed at the opening of the polls and before any votes were cast, and it is not questioned but that it was before noon.

It follows that the judgment should be affirmed, with costs.

Present — TALCOTT, P. J., SMITH and MERWIN, JJ.

Judgment affirmed, with costs.